IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS PANTOJA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-0926-O |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Carlos Pantoja, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 2000, petitioner was convicted of aggravated sexual assault of a child and sentenced to 10 years confinement. His conviction and sentence were affirmed on direct appeal. *Pantoja v. State*, No. 05-00-00756-CR, 2001 WL 683557 (Tex. App.--Dallas, Jun. 19, 2001, pet. ref'd). Petitioner also challenged his conviction on collateral review in state and federal court. One state writ was denied without written order. *Ex parte Pantoja*, WR-55,697-01 (Tex. Crim. App. May 21, 2003). Two other state writs were dismissed as successive. *Ex parte Pantoja*, WR-55,697-02 (Tex. Crim. App. Jul. 19, 2006); *Ex parte Pantoja*, WR-55,697-03 (Tex. Crim. App. Apr. 2, 2008). A prior federal writ was denied on the merits. *Pantoja v. Dretke*, No. 3-03-CV-2004-M (N.D. Tex. Aug. 22, 2005).

Petitioner did not appeal the disposition of his federal writ. Instead, more than a year after the writ was denied, petitioner sought leave to file a second or successive application for writ of habeas corpus to assert the following claims: (1) the erroneous admission of extraneous evidence; (2) trial court bias; (3) prosecutorial misconduct; (4) violation of the Double Jeopardy Clause; and (5) ineffective assistance of counsel. The Fifth Circuit denied his request for authorization to file a successive writ. *In re Pantoja*, No. 06-11232 (5th Cir. Dec. 5, 2006). Notwithstanding that order, petitioner now files a second application for writ of habeas corpus in district court.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. In fact, the court of appeals previously denied a request for authorization to file a successive writ. Petitioner must obtain such an order before this case is filed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE